**SO ORDERED: February 21, 2023.**



**Andrea K. McCord**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:   JOSHUA J ZIGLER
         LACY L ZIGLER

DEBTORS                                             CASE NO: 22-91113-AKM-13

### ORDER CONFIRMING DEBTOR'S CHAPTER 13 PLAN

The Debtors, having filed a Plan on December 2, 2022, and after notice and opportunity, there were no objections filed. The Court, after reviewing the filings and the Trustee's recommendation, hereby confirms the Plan as follows:

1) the Plan complies with the provisions of this chapter and with other applicable provisions of this title;
2) any fee, charge, or amount required by statute or by the Plan, to be paid before confirmation, has been paid;
3) the Plan has been proposed in good faith and not by any means forbidden by law;
4) the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor was liquidated under 11 U.S.C. Chapter 7 on such date:
5) Adequate Protection Payments shall continue: N/A;

JMB

6) with respect to each allowed Secured Claim provided for by the Plan:
   - NONE;

7) with respect to each allowed Priority Claim provided for by the Plan:
   - NONE;

8) with respect to each allowed Special Class Unsecured Claim provided for by the Plan:
   - NONE;

9) all Contracts and/or Leases are rejected unless assumed by the Plan;

10) the Debtor will be able to make all payments under the Plan and to comply with the Plan;

THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:

1. For 48 months or until further ordered, the Debtor shall pay (or the employer of the Debtor shall deduct from the wages, salary, or commissions of the Debtor and pay) to Joseph Black, Jr, Chapter 13 Trustee., PO Box 440, Memphis, TN 38101-0440, the sum of $489.00 per month beginning January 2023 for payments to the Trustee of $23,472.00, plus any additional payments required to satisfy the Chapter 7 liquidation test pursuant to 11 U.S.C. §1325(a)(4) or the disposable income calculation pursuant to 11 U.S.C. §1325(b)(2) as set forth in this Order and determined by the amount of allowed unsecured claims;

2. The value of the security and the treatment of the priority and special class unsecured claims are as shown above in the findings;

3. The Debtor may incur post-petition debt upon written approval from the Trustee except for transactions concerning real estate;

4. There are no modifications to the Plan;

5. All future income and receipts of the Debtor shall remain the property of the estate and paid either to the Debtor or the Trustee as set out in the Plan or order and all other assets of the Debtor shall remain in the possession and control of the Debtor with the estate having a non-possessory beneficial interest in the assets in that they are necessary for the effective reorganization of the Debtor;

6. Plan payments will only be deemed timely received by the Trustee if received in the month in which they are due.

7. The Debtor's Plan is confirmed as filed pursuant to all allowed filed claims being paid 100%.

### 

JMB